UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Albert Kuperman

    v.                            Civil No. 05-cv-185-PB

Stephen Curry, Commissioner,
New Hampshire Department of
Corrections, et al.

**O R D E R**

Plaintiff Albert Kuperman is an inmate at the Northern New Hampshire Correctional Facility of the New Hampshire Department of Corrections ("DOC") who has filed a civil rights complaint (document no. 1).  He asserts a number of federal constitutional and statutory claims alleging, among other things, that his right to freely exercise his religion and his right to be protected from harm have been violated by DOC employees who have improperly deprived him of an acceptable religious diet and safe housing, at least in part to retaliate against Kuperman for his participation in lawsuits against the DOC.  Kuperman has filed a motion to amend his complaint seeking to prosecute this matter as a class action and to add an additional named inmate, James A. White, as well as other unnamed inmates to the action as plaintiffs who

have had their rights violated (document no. 8). For the reasons stated herein, that motion is denied.

It is well-settled that parties to a lawsuit cannot be represented by anyone other than themselves or a member of the bar. See 28 U.S.C. § 1654; see also Local Rules of the United States District Court for the District of New Hampshire ("LR") 83.2(d) ("Persons who are not members of the bar . . . will be allowed to appear before this court only on their own behalf") and LR 83.6(b) ("*Pro se* parties must appear personally . . . . A *pro se* party may not authorize another person who is not a member of the bar of this court to appear on his or her behalf."); see also Herrera-Venegas v. Sanchez-Rivera, 681 F.2d 41, 42 (1st Cir. 1982) (restricting a "jail house lawyer" to assisting, not representing, other inmates). *Pro se* litigants cannot "fairly and adequately protect the interests of the class," as required by Fed. R. Civ. P. 23(a)(4). See Avery v. Powell, 695 F. Supp. 632, 643 (D.N.H. 1988) (denying *pro se* plaintiff's motion for class certification because of his incompetence to represent the class); see also Young v. Wall, 2005 WL 1366742 *1 (D.R.I. May 24, 2005) (discussing requirements for certifying a plaintiff class under Fed. R. Civ. P. 23(a) in the context of a *pro se*

complaint and finding such a complaint to be inadequate).
Accordingly, neither an individual inmate such as White nor a
class of inmates can be added to Kuperman's action at this time.[1]

In addition to the general inability of a *pro se* plaintiff
to represent a class, Kuperman himself has stated concerns about
his ability to properly prosecute the action without the
assistance of legal counsel.[2]  Therefore, it is particularly
inappropriate to allow Kuperman to represent the interests of an
entire class of persons.

Although I am denying the motion for class certification, it
is without comment on the merits of the suit, and the action
will continue to preliminary review, pursuant to LR 4.3(d)(2).
At the time of preliminary review, this Court will rule on the
other motions pending.

Accordingly, plaintiffs' Motion to Amend (document no. 8) is
denied.  This denial is without prejudice to renewal of this

---

[1] Should White wish to join this action, he must file and sign his own complaint, accompanied by his own filing fee or *in forma pauperis* application.  If both actions are deemed sufficient to proceed past preliminary review, Kuperman and White could then seek to consolidate their claims if they so desired.

[2] Kuperman has requested that I appoint counsel in this matter.  I will rule on this request at the time preliminary review of the complaint is made.

motion should the plaintiff obtain representation by a member of the bar of this court at a later date.

    **SO ORDERED.**

                                            _____
                                            James R. Muirhead
                                            United States Magistrate Judge

Date:  June 14, 2005

cc:    Albert Kuperman, *pro se*