**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

Albert R. Kuperman

    v.                                        05-cv-185-PB

Commissioner, New Hampshire
Department of Corrections, et al.

**REPORT AND RECOMMENDATION**

    Before the Court for consideration is a motion for a preliminary injunction filed by Plaintiff Albert R. Kuperman, an inmate at the New Hampshire Department of Corrections' Northern Correctional Facility.  The Court held an evidentiary hearing on the motion on June 15, 2005.

    Plaintiff presents two claims for relief in his motion. First, Plaintiff claims that the prison is wrongfully denying him access to meals that accord with his religious beliefs as a Jewish person.  Second, Plaintiff claims that the prison has failed to take steps to protect him from harm from other inmates.

    It is clear from the evidence presented at the hearing that the Plaintiff did not exhaust his administrative remedies with regard to his religious diet claim prior to seeking relief in

this court under 42 U.S.C. § 1983.  Therefore, Plaintiff may not proceed on that claim at this time.  <u>See</u> <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002) (the exhaustion requirement of the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), requires all inmates seeking redress for prison conditions or occurrences to exhaust prison grievance procedures prior to asserting a federal claim); <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001) (same).  Even if Plaintiff had exhausted his administrative remedies, however, the evidence supports the Defendants' claim that the Plaintiff was removed from his religious diet because he violated the Department of Corrections' Policy and Procedure Directives ("PPD") that govern the provision of religious meals to inmates. <u>See</u> NHDOC PPD 7.17, V, G(2)(d) (providing that religious diets will be automatically suspended for six months when an inmate is found to have consumed or been in possession of food items that violated their approved religious diet).[1]  Plaintiff was accused and found guilty of eating non-kosher chicken on May 15, 2005. Despite his claim that he was eating chicken from a soup that was provided with his kosher meal, the documentary evidence supports

---

[1] PPD 7.17 was entered into evidence at the hearing as Defendants' Exhibit A.

a finding that the only way that Plaintiff could have obtained chicken on the day in question was to obtain it from one of the non-kosher meals served that day.  See Defs.' Ex. B.  However harsh the Department of Corrections' policy appears with regard to the suspension of religious meals for violations of the approved religious diet, giving due deference to the prison's penological interests in maintaining order, the Court cannot say that the prison's policy is unnecessary.  The Court finds that the Plaintiff has not demonstrated that he is likely to succeed on the merits of his religious diet claim.  See Langlois v. Abington Hous. Auth., 207 F.3d 43, 47 (1st Cir. 2000) (setting forth the four-part preliminary injunction test); see also Auburn News Co. v. Providence Journal Co., 659 F.2d 273, 277 (1st Cir. 1981) (a party seeking injunctive relief must independently satisfy each of the four factors).

With regard to Plaintiff's failure to protect claim, Plaintiff admitted at the hearing that he was not currently being housed on the same block with the two inmates from whom he sought protection.  Therefore, the Court finds that injunctive relief is not warranted on his failure to protect claim.

For the reasons discussed above, the Court finds that

Plaintiff failed to demonstrate that he is entitled to injunctive relief on either of his claims.  Accordingly, the Court recommends that Plaintiff's motion for a preliminary injunction (document no. 4) be denied.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See <u>Unauthorized Practice of Law Comm. v. Gordon</u>, 979 F.2d 11, 13-14 (1st Cir. 1992); <u>United States v. Valencia-Copete</u>, 792 F.2d 4, 6 (1st Cir. 1986).

                                             _____
                                             James R. Muirhead
                                             United States Magistrate Judge

Date:  June 16, 2005

cc:   Albert R. Kuperman, <u>pro</u> <u>se</u>
      Michael K. Brown, Esq.