## UNITED STATES DISTRICT COURT FOR THE
## DISTRICT OF NEW HAMPSHIRE

<u>Albert A. Kuperman</u>

    v.                                             Civil No. 05-cv-185-PB

<u>Commissioner, New Hampshire</u>
<u>Department of Corrections, et al.</u>

### REPORT AND RECOMMENDATION

As noted in my Report and Recommendation on the request for preliminary injunction, I noted that plaintiff had not exhausted his administrative remedies.  Under 42 U.S.C. § 1997e(a) "(n)o action shall be brought with respect to prison conditions under section 1983 . . . , or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted."  The current version of Section 1997e(a) stripped the district courts of discretion and exhaustion is now mandatory. <u>See</u> <u>Booth v. Churner</u>, 532 U.S. 731, 739 (2001).  Plaintiff's motions to amend and to submit evidence demonstrate further that exhaustion did not precede the suit and that it must be dismissed without prejudice to refile after exhaustion of all plaintiff's claims.

I recommend that the suit be dismissed without prejudice and that upon refiling any further filing fee be waived.

Any objections to this Report and Recommendation must be filed within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the district court's order.  See Unauthorized Practice of Law Comm. v. Gordon, 979 F.2d 11, 13-14 (1st Cir. 1992); United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

                                                                                   _____  
                                                                                   James R. Muirhead  
                                                                                    United States Magistrate Judge

Date:   July 29, 2005

cc:     Albert R. Kuperman, Esq.  
       Michael K. Brown, Esq.